IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAM BROOKS, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:18-CV-1278-L-BH |
| ) | |
| WEHNER MULTIFAMILY LLC, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Before the Court is the plaintiff's *Application to Proceed In District Court without Prepaying Fees or Costs (Long Form),* received May 19, 2018 (doc. 5). Based on the relevant filings and applicable law, the application should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

On May 21, 2018, the plaintiff filed this action and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5). On that date, a consent form and a form with instructions for non-prisoner pro se plaintiffs were mailed to the address she provided. (*See* docs. 1, 2.) The instructions specifically provided that she must notify the Court if her address changed, and that her case could be dismissed if she did not. (*See id.*)

By *Notice of Deficiency and Order* dated May 22, 2018, the plaintiff was advised that her IFP application did not provide enough information to decide if IFP status was appropriate because it had not been fully completed. (*See* doc. 7.) The order provided that the plaintiff must submit a fully completed and signed IFP application within fourteen days, and that she must immediately notify the Court of any change of address and its effective date. (*Id.*) The order specifically provided that failure to comply with its terms could result in the dismissal of

the lawsuit. (*Id.*) Also on May 22, 2018, the Court sent the plaintiff a questionnaire ("MJQ") seeking additional information about her claims. (*See* doc. 6.) The questionnaire stated that the answers were due within fourteen days and warned that failure to file answers could result in the dismissal of the action for failure to prosecute.

More than fourteen days from the date of the order and questionnaire have passed, but the plaintiff has not filed a fully completed IFP application or her answers to the questionnaire, or anything else. The order and questionnaire have been returned as undeliverable. (*See* doc. 8.)

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's IFP application is incomplete, so she has not shown that she will suffer undue financial hardship after payment of the $400.00 filing fee. Her application to proceed *in forma pauperis* should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases,

and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to file a notice of change of address despite a warning that failure to do so could result in dismissal of the case, and mailings from the Court have been returned as undeliverable as a result. She also failed to comply with an order to file a completed IFP application and answers to the questionnaire within fourteen days despite a warning that failure to do so could result in dismissal of the case. She has not filed anything else in the case. Because the plaintiff failed to file a notice of change of address or follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## IV.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits a completed IFP application and her answers to the questionnaire within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 18th day of June, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE